**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **ALVIN HENRY LANE,** | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 4:06-CV-0042-Y |
| | § | |
| **DOUGLAS DRETKE, Director,** | § | |
| **Texas Department of Criminal Justice,** | § | |
| **Correctional Institutions Division,** | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**
**AND NOTICE AND ORDER**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

**I. FINDINGS AND CONCLUSIONS**

A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254.

B. PARTIES

Petitioner Alvin Henry Lane, TDCJ-ID #1175792, is in custody of the Texas Department of Criminal Justice, Correctional Institutions Division, in Amarillo, Texas.

Respondent Douglas Dretke is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division.

C. FACTUAL AND PROCEDURAL HISTORY

In September 2002, Lane was charged by indictment in the Criminal District Court Number

One of Tarrant County, Texas, with possession of a controlled substance in Case No. 0853525D. (State Habeas R. at 3.) The indictment also included a habitual offender notice. (*Id.*) A jury found Lane guilty of the offense, and, on June 6, 2003, Lane pled true to the habitual offender allegations and the jury assessed his punishment at life imprisonment.[1] (*Id.* at 50.) The Second Court of Appeals affirmed Lane's conviction on March 25, 2004, and denied his motion for rehearing on April 22, 2004. *Lane v. Texas*, Nos. 2-03-253-CR & 2-03-254-CR (Tex. App.–Fort Worth Mar. 25, 2004, no pet.) (not designated for publication). Lane did not file a petition for discretionary review in the Texas Court of Criminal Appeals. (Petition at 3.)

On March 24, 2005, Lane filed a state application for writ of habeas corpus challenging his conviction, which was denied without written order by the Texas Court of Criminal Appeals on the findings of the trial court on October 5, 2005. *Ex parte Lane*, Appl. No. WR-05,581-06. Lane filed this petition for writ of habeas corpus on January 10, 2006.[2] Dretke has filed a preliminary response addressing only the issue of limitations, to which Lane has replied.

### D. ISSUES

Lane raises two substantive grounds for habeas relief. (Petition at 7.)

### E. STATUTE OF LIMITATIONS

28 U.S.C. § 2244(d) imposes a one-year statute of limitations for filing a petition for federal habeas corpus relief. Section 2244(d) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of

---

[1] Lane was also convicted in Case No. 0871856D of unauthorized use of a motor vehicle and sentenced on the same date. *Ex parte Lane*, state habeas Application No. WR-05,581-06, at 42.

[2] A pro se habeas petition is filed when the petition is delivered to prison authorities for mailing. *Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998).

habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–

    (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

    (2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

*Id.* § 2244(d)(1)-(2).

Under subsection (A), applicable to this case, the limitations period began to run on the date on which the judgment of conviction became final by the expiration of the time for seeking direct review.  *See id.* § 2244(d)(1)(A).[3]  The trial court's judgment became final and the one-year limitations period began to run upon expiration of the time that Lane had for filing a timely petition

---

[3]There are no allegations that the state imposed an unconstitutional impediment to the filing of Lane's petition for federal relief, that the Supreme Court has announced a new rule(s) applicable to Lane's claims, or that the factual predicate of his claims could not have been discovered sooner through the exercise of due diligence.  Therefore, the statutory exceptions embodied in § 2244(d)(1)(B)-(D) do not apply.

for discretionary review in the Texas Court of Criminal Appeals on May 24, 2004,[4] and expired one year later on May 24, 2005, absent any tolling. *See Flanagan v. Johnson*, 154 F.3d 196, 197 (5th Cir. 1998); TEX. R. APP. P. 68.2.

Lane is entitled to statutory tolling during the pendency of his state habeas application, or 195 days, making his petition due on or before December 5, 2005. 28 U.S.C. § 2244(d)(2). He has neither alleged nor demonstrated rare or exception circumstances that would justify additional tolling as a matter of equity. *See Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). Lane's petition was due on or before December 5, 2005. Thus, his petition filed on January 10, 2006, is untimely.

## II.  RECOMMENDATION

Lane's petition for writ of habeas corpus should be dismissed with prejudice as time-barred.

## III.  NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within ten (10) days after the party has been served with a copy of this document. The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until April 14, 2006. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made. *See* 28 U.S.C. §

---

[4]Thirty days from the date of the judgment was May 22, 2004, a Saturday.

636(B)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding or legal conclusion accepted by the United States District Judge. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

## IV.  ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until April 14, 2006, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation.  It is further ORDERED that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED March 24, 2006.

/s/ Charles Bleil  
CHARLES BLEIL  
UNITED    STATES    MAGISTRATE    JUDGE