```
                  IN THE UNITED STATES DISTRICT COURT
                  FOR THE NORTHERN DISTRICT OF TEXAS
                          FORT WORTH DIVISION
```

ALVIN HENRY LANE,                §
    Petitioner,              §
                                 §
VS.                              §   CIVIL ACTION NO.4:06-CV-042-Y
                                 §
DOUGLAS DRETKE, Director,        §
T.D.C.J., Correctional           §
Institutions Division,           §
    Respondent.              §

<u>ORDER ADOPTING MAGISTRATE JUDGE'S FINDINGS AND CONCLUSIONS</u>
(With special instructions to the clerk of Court)

In this action brought by petitioner Alvin Henry Lane under 28 U.S.C. § 2254, the Court has made an independent review of the following matters in the above-styled and numbered cause:

1. The pleadings and record;

2. The proposed findings, conclusions, and recommendation of the United States magistrate judge filed on March 24, 2006; and

3. The petitioner's written objections to the proposed findings, conclusions, and recommendation of the United States magistrate judge filed on April 12, 2006.[1]

The Court, after <u>de novo</u> review, concludes that the Petitioner's objections must be overruled, and that the petition for writ of habeas corpus should be dismissed with prejudice as time-barred pursuant to 28 U.S.C. § 2244(d)(1)-(2), for the reasons stated in the magistrate judge's findings and conclusions, and as set forth herein.

---

[1] Although entitled "Response to Dretke's Preliminary Response," because the document filed by Lane on April 12, 2006, was prepared after he apparently received the magistrate judge's report, and since he has not otherwise timely filed any written objections, the Court will construe that document as written objections to the report of the magistrate judge. The clerk of Court is directed to make this change on the docket.

In his written objections to the magistrate judge's report and recommendation that this petition be deemed time-barred, Lane contends that his judgment did not become "final" under 28 U.S.C. § 2244(d)(1)(A) until the issuance of mandate by the court of appeals on July 1, 2004. But the Court of Appeals for the Fifth Circuit has rejected a similar argument:

> We find no reason to look to state law to determine when a state conviction becomes final for the purposes of § 2244(d)(1)(A). The language of § 2244(d)(1)(A) provides that a decision becomes final "by the conclusion of direct review or the expiration of the time for seeking such review." We previously held that direct review includes a petition for writ of certiorari to the Supreme Court. Therefore, the "conclusion of direct review" is when the Supreme Court either rejects the petition for certiorari or rules on its merits. If the conviction does not become final by the conclusion of direct review, it becomes final by "the expiration of the time for seeking such review." We previously held that this includes the ninety days allowed for a petition to the Supreme Court following the entry of judgment by the state court of last resort. If the defendant stops the appeal process before that point, the conviction becomes final when the time for seeking further direct review in the state court expires.[2]

In this case, Lane did not continue the appeal process since he did not file a petition for discretionary review. Thus, his conviction was final thirty days after the Court of Appeals denied his motion for rehearing on April 22, 2004.[3] The magistrate judge's limitations analysis is correct and Lane's objections are overruled.

---

[2] *Roberts v. Cockrell,* 319 F.3d 690, 694 (5th Cir. 2003)(citations omitted).

[3] Tex. R. App. P. 68.2(a).

2

Therefore, the findings, conclusions, and recommendation of the magistrate judge are ADOPTED.

Alvin Henry Lane's petition for writ of habeas corpus is DISMISSED WITH PREJUDICE.

SIGNED April 20, 2006.

_____
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE

3